# IN THE COURT OF APPEALS OF IOWA

No. 19-0772
Filed July 24, 2019

IN THE INTEREST OF J.M.,
Minor Child,

K.M., Mother,
        Appellant.

_____

Appeal from the Iowa District Court for Cherokee County, Mary L. Timko,
Associate Juvenile Judge.

A mother appeals a child in need of assistance permanency order.
**AFFIRMED.**

Theresa Rachel of Fankhauser Rachel, PLC, Sioux City, for appellant
mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney
General, for appellee State.

Lesley D. Rynell, Sioux City, guardian ad litem for minor child.

Considered by Mullins, P.J., Bower, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DANILSON, Senior Judge.**

A mother appeals a child in need of assistance (CINA) permanency order. We find the juvenile court properly denied the mother's request to dismiss or modify the permanency order placing the child in the care of the father. We affirm the decision of the juvenile court.

## I.     Background Facts & Proceedings

K.M. is the mother and C.M. is the father of J.M., born in 2010. The parents were married but living separately and shared care of the child.[1] The mother has two older children, born in 2003 and 2006, who also lived in the home. The Iowa Department of Human Services (DHS) became involved with the family in November 2016 due to the mother's methamphetamine use. The children were removed from the mother's care on March 3, 2017. The children were placed in the care of C.M.

The children were adjudicated CINA. The mother tested positive for methamphetamine in March and August 2017. The mother participated in services, including an extended outpatient treatment program for substance abuse and individual therapy for mental-health concerns.

In February 2018, the children were returned to the mother's care on a trial basis but were returned to the care of the father on April 19. The court found, "[I]t does appear that the return home of the children has been fraught with issues that

---

[1] The mother and father were divorced on September 7, 2017. The decree granted the mother physical care of J.M. The father filed an application to set aside the dissolution decree, which was denied on April 22, 2019. At a review hearing, the attorney for the father stated the father intended to seek modification of the physical care provision of the decree if his request to set aside the decree was denied.

have not been conducive to allowing the children to be returned home full time." The court noted the conditions in the mother's home were chaotic and caused regression in J.M.'s behaviors.

The mother tested positive for marijuana in October. In a permanency order filed on October 29, the court noted J.M. had been having extensive visitation with the mother but determined the child should be placed in the sole care of the father, pursuant to Iowa Code section 232.104(2)(d)(2) (2018). The court found the two oldest children, who were fifteen and twelve years old, should be placed in the mother's care, as they "appear[ed] to be old enough to self-care." These two children stated they did not want to continue to live with C.M., who was not their biological father.

The mother sought dismissal of the juvenile court proceedings. The juvenile court entered an order on April 24, 2019, stating:

> After having reviewed all of the evidence, the court cannot find by a preponderance of the evidence that it would be in [the child's] best interest to modify the permanency order or dismiss this matter from Juvenile Court Services. [The child] is only eight years old. He has the structure that he needs in his father's home in order to grow emotionally, physically, and educationally that has never been provided in his mother's home. His needs are being taken care of by a parent rather than a sibling or by himself. At his age, it is important that there be as little disruption to school as possible.

The court noted the mother had "difficulty at times with being able to consistently provide for the two children that are in her care," and she did not consistently attend AA/NA meetings. The court also stated, "[T]here is nothing in the record to push the scale of what is in the best interest of [the child] to [the mother's] side at this time to allow for a modification of the permanency order or dismissal." The court

determined DHS could cease providing reunification efforts for the mother and J.M. The mother appealed the juvenile court's decision.

## II.    Standard of Review

Our review of CINA proceedings is de novo.  *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017).  "[T]he State bears the burden of proving its allegations by clear and convincing evidence."  *Id.* (citing Iowa Code § 232.96(2) (2016)).  "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence."  *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) (citation omitted).  Our primary concern is the best interests of the child.  *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III.    Permanency Order

The mother claims, "There was no permanency order ever issued in this matter and reasonable reunification efforts should have continued to be provided to [her]."  The record shows the order filed on October 29, 2018, was a permanency order.  In the ruling filed on April 19, the court ordered "this matter come on for review/modification of disposition/permanency hearing on the 24th day of October, 2018 at 1:00 p.m. for the rest of the afternoon."  A hearing in the case was held on October 24 and the court entered an order on October 29, which placed the child in the care of C.M. pursuant to section 232.104, the code section pertaining to permanency orders.  In the order filed on April 24, 2019, the court stated, "A permanency order was entered on October 29, 2018, placing sole custody of [J.M.] with his father, [C.M.], pursuant to Iowa Code section 232.104(2)(d)(2)."  The record does not support the mother's claim a permanency order was never issued.

### IV.     Dismissal of Proceedings

The mother claims the juvenile court should have dismissed the CINA proceedings concerning J.M.  In the alternative, she claims the court should have modified the permanency order to place the child in her care.  She states she has taken steps to address her substance-abuse and mental-health problems.  The mother asserts it would be in the child's best interests to be returned to her care.

The guardian ad litem objected to the mother's request for dismissal or modification, so section 232.104(7) applies:

> Subsequent to the entry of a permanency order pursuant to this section, the child shall not be returned to the care, custody, or control of the child's parent or parents, over a formal objection filed by the child's attorney or guardian ad litem, unless the court finds by a preponderance of the evidence, that returning the child to such custody would be in the best interest of the child.

When considering the modification of a permanency order, we "look solely at the best interests of the children for whom the permanency order was previously entered.  Part of that focus may be on parental change, but the overwhelming bulk of the focus is on the children and their needs."  *In re A.S.T.*, 508 N.W.2d 735, 737 (Iowa Ct. App. 1993).

We find dismissal or modification of the permanency order would not be in the child's best interests.  The previous trial home placement with the mother in February 2018 was unsuccessful, and the child was removed again in April.  The court stated, the mother "admitted that having all three boys in the home was much more difficult than she thought it would be and, at times, it is overwhelming."  The two older children are already in the mother's care, raising concerns about whether the mother would again be overwhelmed by caring for all three children.

When J.M. was in the mother's care during the trial home placement, he was reported to be very tired in school, hindering his ability to complete his school work.  The mother's home was described as being in chaos and lacking structure, while the child needs stability and structure to grow intellectually, physically, and emotionally.  The juvenile court found the child thrived in the care of the father and regressed while in the care of the mother.  Unlike the two older children, J.M., who was eight years old, is not able to largely take care of himself.  The court properly denied the mother's request to have the child placed in her care.

We affirm the decision of the juvenile court.

**AFFIRMED.**